## GARCÍA v. KUINLAN.

## APPEAL from the District Court of Arecibo.

No. 140.—Decided May 15, 1905.

JUDICIAL POSSESSION—VOLUNTARY JURISDICTION.—Where in a preceding of voluntary jurisdiction the judicial possesion of an estate is agreed upon by a final order issued in favor of the petitioner, any other party having an interest in the matter cannot successfully seek to have the proceeding declared to be of a contentious (*contencioso*) character, if he has permitted the said order to become final, by the expiration of the period fixed by law without taking any appeal therefrom, and such a party should exercise his rights in a proper declaratory action.

### STATEMENT OF THE CASE.

These are proceedings of voluntary jurisdiction instituted in the former District Court of Arecibo by Carmen García de Quevedo, relating to the judicial possession of a rural estate, and the opposition formulated by Gregorio Kuinlan against the order granting judicial possession to the petitioner, Carmen García de Quevedo. The proceedings are pending before this court by virtue of an appeal taken by the contestant, Gregorio Kuinlan, from the judgment rendered by the said district court November 10, 1903, which reads as follows:

"By a decree of this district court of October 10th last, Carmen García de Quevedo was given possession of a rural estate consisting of 22½ *cuerdas*, equivalent to 8 hectares, 84 ares, 34 centiares, of pasture land, situated in the *barrio* of Hato Abajo, in this municipal district. It is bounded on the north and west by the Pajuil road and on the south and east by the two roads which lead to the place known as Villa Nueva. This estate was purchased by Carmen García de Quevedo, of Generosa Guillan y Lozada, who was married to Pedro Ríos del Olmo, under public instrument of April 10, 1896, duly recorded in the registry of property.

"On October 15th of this year the bailiff of this district court,

accompanied by an assistant bailiff, proceeded to comply with the decree mentioned and place in possession Ramón García Lago, representing Carmen, of the estate described in the preceding paragraph, calling on Salvador Aguilar y Sánchez, who was in charge of the estate, to recognize Carmen García de Quevedo and, as her representative, Ramón García Lago, as the possessor of the estate referred to.

"Epifanio Fernández Vanga, an attorney, presented a petition to this court on behalf of Gregorio Kuinlan Correra, a resident of this town, under date of the 2d instant, praying the court to declare these voluntary jurisdiction proceedings, in which judicial possession is decreed in favor of Carmen García de Quevedo, to be contentious, and that Gregorio Kuinlan be reinstated in the possession of the estate, alleging rights thereto, without prejudice to Kuinlan bringing such civil actions as he might deem proper, and that the costs be taxed against Carmen García de Quevedo. He attached a receipt showing that he pays taxes on real property appraised at $900, situated in the barrio of Hato Abajo, in this district, and personal taxes on $627.

"The possession of the estate described in the first finding of fact of this decree, conferred upon Carmen García de Quevedo by this court of justice on April 10th last, conforms to the provisions of article 2055 of the law of civil procedure, because the petitioner presented a public instrument in support of her claim.

"According to the return of the act giving possession, which was done five days later, the rural estate of which the representative of Carmen García de Quevedo took possession is of the same area and has the same boundaries as the estate mentioned in the public instrument presented.

"If Kuinlan has any legal right to enforce in the courts of justice to the estate of which possession was given to Carmen García de Quevedo he may assert his rights in the proper declaratory action, but cannot expect this court, under the pretext of declaring contentious the proceedings in voluntary jurisdiction instituted by Carmen Garcia de Quevedo, to annul all the proceedings heretofore had and place Kuinlan in possession of the aforesaid estate, when Kuinlan did not protest through his representative at the time she was given possession, nor has he, since October 12th last to November 2d, taken any appeal from the decree of the 10th of last month, which is final, according to section 81 of General Order No. 118 of 1899, article 1816 of the Law of Civil Procedure is not applicable to the case, because article 1817 of the said law prevents its application.

"In view of the provisions cited, there is no ground for declaring the proceedings in voluntary jurisdiction instituted by Carmen García de Quevedo to be contentious, and there is reserved to Gregorio Kuinlan all his rights, in order that he may assert them in the proper manner and form, without any special taxation of costs. Decreed and signed by the justices of the court, to which I certify.—Felipe Cuchi Carlos Franco Soto, Otto Schoenrich.—José E. Figueras."

From this decision an appeal was taken by counsel for Gregorio Kuinlan, which was allowed both for a review and stay of proceedings, and the record having been sent to this higher court, the parties were summoned, and after they had entered an appearance and the appeal had been perfected, a day was set for the hearing which was had without the presence of counsel for the parties.

*Mr. Alvarez Nava,* for appellant.

*Mr. Suliveres,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law stated in the decision appealed from are accepted.

We adjudge that we should affirm and do affirm the decision appealed from in all its parts, with the costs of the appeal against the appellant.

Justices Hernández, Figueras, MacLeary and Wolf concurred.